RECEIVED
SEP 0 5 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK HUBBARD,<br><br>    Petitioner,<br><br>v.<br><br>STEPHEN D'ILIO, et al.,<br><br>    Respondents. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 14-7258 (AET)<br><br>**OPINION** |

APPEARANCES:

Frank Hubbard, Petitioner *pro se*
47656/997956
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

Christopher C. Josephson, Deputy Attorney General
Office of the New Jersey Attorney General
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
    Attorney for Respondents Stephen D'Ilio, Attorney General
    of the State of New Jersey, and New Jersey Parole Board

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

This matter is before the Court on *pro se* Petitioner Frank Hubbard's June 21, 2018 motion seeking reconsideration (*see* ECF No. 29) of the Court's June 13, 2018 denial of Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* June 13, 2018 Op. and Order, ECF Nos. 27 and 28.)

## II. STANDARD OF REVIEW

Local Civil Rule 7.1 allows a party to move for reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." L. Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, ultimately, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

## III. DISCUSSION

Petitioner presents two claims in support of his reconsideration motion. (*See, generally*, ECF No. 29.)

First, Petitioner asserts that the Court improperly relied on two unpublished District of New Jersey cases, *Righetti v. Sherrer*, No. 07-cv-1608, 2008 WL 4755745 (D.N.J. Oct. 28, 2008), and *Jenkins v. D'Amico*, No. 06-cv-2027, 2007 WL 1797649 (D.N.J. June 20, 2007). Petitioner asserts that these two cases are inapposite to his habeas claims. The Court disagrees.

The Court already explained the import of *Jenkins* and *Righetti* in its June 13, 2018 Opinion. (*See* ECF No. 27 at 13-15.) The Court again notes that both *Jenkins* and *Righetti* represent persuasive authority which support the Court's prior determination "that the [New Jersey Parole] Board did not violate Petitioner's rights under the Ex Post Facto Clause when it considered the entirety of Petitioner's record [in denying Petitioner parole in 2012] as a result of the 1997 amendment [deleting the word "new" from § 30:4-123.56(c) of the New Jersey Parole Act of 1979]." (*Id.* at 13-14.) Petitioner's disagreement as to the relevance of *Jenkins* and *Righetti* is not a proper basis for reconsideration, and Petitioner has not provided the Court with any other reason for it to reconsider its prior determinations regarding the import of these two cases to the claims presented in Petitioner's amended habeas petition.

3

Second, Petitioner asserts that the Court failed to consider the import of *Mickens-Thomas v. Vaughn*, 321 F.3d 374 (3d Cir. 2004). This Court considered - and implicitly rejected - Petitioner's previously-raised assertion that *Mickens-Thomas* compels the Court to grant habeas relief. In *Mickens-Thomas*, the Third Circuit affirmed Eastern District of Pennsylvania District Judge Ronald L. Buckwalter's ruling that a 1996 amendment to Pennsylvania's parole law which "placed primary consideration on the risk to public safety by the parole petitioner as the dominant factor in evaluating parole applications" violated the Ex Post Facto Clause. *Id.* at 376. The *Mickens-Thomas* decision - which concerns a completely different amendment to another state's parole law - likewise fails to provide a basis for the Court to reconsider its June 13, 2018 denial of Petitioner's amended habeas petition.

In sum, the Court, having read and considered Petitioner's June 21, 2018 motion for reconsideration, concludes that Petitioner's motion does not rely on an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice.

4

**IV. CONCLUSION**

For the reasons stated above, Petitioner's motion for reconsideration is denied. An accompanying Order will be entered.

*[signature]*
ANNE E. THOMPSON
U.S. District Judge